IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PROSPECTOR OFFSHORE<br>DRILLING S.a.r.l., et al.,<br><br>Debtors.[1] | Chapter 11<br>Case No. 17-11572 (CSS)<br><br>Jointly Administered |

**MOTION TO VACATE ORDER AUTHORIZING DISMISSAL OF THE DEBTORS' CASES PURSUANT TO RULE 60(b)(4)(5)(6) AND BANKRUPTCY RULE 9024**

Michael R. Hammersley, *pro se* shareholder of interests in Paragon Offshore plc. ("Debtor" or "Paragon Parent"), respectfully submits this *Motion to Vacate Order Authorizing Dismissal Of The Debtors' Cases Pursuant To Bankruptcy Rule 9024* ("Motion") seeking the revocation of this Court's *Order Pursuant To Sections 105(A), 305(A), 349, And 1112(B) Of The Bankruptcy Code And Bankruptcy Rules 1017 And 6007 Authorizing Dismissal Of The Debtors' Cases* (Docket 406 in Bankr. Case No. 17-11572) ("Dismissal Authorization") and respectfully represents as follows:

I. **PRELIMINARY STATEMENT**

1. Bankr. Case No. 17-11572[2] cannot be dismissed until all motions, contested matters, and adversary proceedings have been finally resolved. There are currently four appeals

---

[1] The New Debtors in these chapter 11 cases, along with the last four digits of each New Debtor's federal tax identification number, as applicable, are: Prospector Offshore Drilling S.à r.l. (4427); Prospector Rig 1 Contracting Company S.à r.l. (7441); Prospector Rig 5 Contracting Company S.à r.l. (0985); and Paragon Offshore plc (in administration) (6017). The mailing address for Prospector Offshore Drilling S.à r.l., Prospector Rig 1 Contracting Company S.à r.l., and Prospector Rig 5 Contracting Company S.à r.l. is 3151 Briarpark Drive, Suite 700, Houston, Texas 77042. The mailing address for Paragon Offshore plc (in administration) is c/p Deloitte LLP, Four Brindleyplace, Birmingham, B1 2HZ, United Kingdom. Neville Barry Kahn and David Philip Soden, each of Deloitte LLP, are the joint administrators of Paragon Offshore plc (in administration) (the "Joint Administrators"). The affairs, business and property of Paragon Offshore plc (in administration) are managed by the Joint Administrators.

[2] Bankr. Case No. 17-11572 is referred to as the main proceeding but this reference also includes: Bankr. Case No. 17-11573; Bankr. Case No. 17-11574; and Bankr. Case No. 17-11575 ("Prospector Cases").

1

(two in the District Court for the District of Delaware[3] and two in the United States Court of Appeals for the Third Circuit[4] ("Prospector Appeals") stemming from Bankr. Case No. 17-11572 and in particular from the Court's previously entered *Order (I) Approving Form Of Order Pursuant To Sections 105(A), 305(A), 349, And 1112(B) Of The Bankruptcy Code And Bankruptcy Rules 1017 And 6007 Authorizing Dismissal Of The Debtors' Cases And (II) Granting Related Relief* (Docket Entry No. 368 in Bankr. Case No. 17-11572) ("Dismissal Order") and *Order Pursuant to Sections 105(A) And 363(B) Of the Bankruptcy Code And Bankruptcy Rule 9019 Approving The Settlement Agreement Between The Debtors, Sinoenergy, The Prospector Corporations, Paragon Offshore Limited, And The Administrators* (Docket Entry 369 in Bankr. Case 17-11572) ("Settlement Order").

2. Additionally, the Court must vacate its Dismissal Authorization as the Dismissal Authorization is void for lack of jurisdiction. As the Court is aware, upon filing a timely notice of appeal, the trial court is divested of jurisdiction over the order appealed from. Conclusively, the Court must vacate its Dismissal Authorization until these appeals have been finalized and the estate in Bankr. Case No. 17-11572 has been fully administered.

## II. JURISDICTION AND VENUE

3. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157, 158 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## III. FACTUAL AND PROCEDURAL BACKGROUND

4. On March 5, 2018, the Bankruptcy Court entered the Settlement Order and Dismissal Order. Mr. Hammersley moved this Court for a stay pending appeal of the Settlement Order and Dismissal Order.

---

[3] Civ. No. 18-367 LPS and Civ. No. 18-368 LPS
[4] C.A. 18-1652 and C.A. 18-1653

2

5. On March 8, 2018 Mr. Hammersley filed a Notice of Appeal of the Dismissal Order (Docket Entry No. 376 in Bankr. Case No. 17-11572) and Notice of Appeal of the Settlement Order (Docket Entry No. 378 in Bankr. Case No. 17-11572).

6. On March 22, 2018, the District Court for the District of Delaware denied a motion requesting a stay of the Settlement Order and Dismissal Order.

7. On March 26, 2018, Mr. Hammersley filed an Emergency Notice of Appeal of the District Court's denial of the stay pending appeal. This issue remains pending.

## IV. RELIEF REQUESTED

8. Mr. Hammersley seeks entry of an order substantially in the form attached hereto vacating the Court's Dismissal Authorization or in the alternative, entry of an order pursuant to Rule 59 and Bankruptcy Rule 9023 that provides for the automatic reopening of the Prospector Cases in the event the District Court or the Court of Appeals orders a remand to this Court for any reason in connection with the Prospector Appeals.

## V. ARGUMENT

### A. The Bankruptcy Court lacks subject matter jurisdiction to enter the Dismissal Authorization

9. Upon filing of the Notice of Appeal of the Dismissal Order (Docket Entry No. 376 in Bankr. Case No. 17-11572) and the Notice of Appeal of the Settlement Order (Docket Entry No. 378 in Bankr. Case No. 17-11572), the Bankruptcy Court was divested of jurisdiction over the Dismissal Order and Settlement Order. *See In Re Awc Liquidation Corp.*, C.A. No. 99-542 GMS (D. Del. Mar. 26, 2003) ("It is a fundamental tenet of federal civil procedure that — subject to certain, defined exceptions — the filing of a notice of appeal from the final judgment of a trial court divests the trial court of jurisdiction and confers jurisdiction upon the appellate court. This rule applies with equal force to bankruptcy cases."). *See also Kull v. Kutztown Univ. of Pa.*, No.

*13-1600* (3d Cir. Oct. 31, 2013) ("Generally, a notice of appeal divests the District Court of jurisdiction "over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982).").

10. It makes no difference that the Debtors filed their Certification of Counsel[5] the fact that the Dismissal Order and proposed form of the Dismissal Authorization were timely appealed renders the Dismissal Authorization entered by the Court on March 27, 2018 void for lack of jurisdiction. *See Sawka v. Healtheast, Inc*, 989 F.2d 138, 140 (3d Cir. 1993) ("We said in *Halderman v. Pennhurst State School and Hospital,* 901 F.2d 311, 320 (3d Cir. 1990), "[a]ny time a district [court] enters a judgment, even one dismissing a case by stipulation of the parties, [it] retains, by virtue of Rule 60(b), jurisdiction to entertain a later motion to vacate the judgment on the grounds specified in the rule[.]" (quoting *McCall-Bey v. Franzen,* 777 F.2d 1178, 1186 (7th Cir. 1985))."). As a result, this Court lacks subject matter jurisdiction over the Dismissal Authorization as part of the Dismissal Order and the Dismissal Authorization is void. *See Reardon v. Leason*, 408 Fed.Appx. 551, 553 (3d Cir. 2010) ("However, as noted above, Rule 60(b)(4) provides for relief from judgment only when the court that rendered the judgment lacked jurisdiction over the subject matter or the parties. *Marshall*, 575 F.2d at 422.").

### B. The estate in Bankr. Case No. 17-11572 has not been fully administered

11. Neither the Bankruptcy Code nor the Bankruptcy Rules define the term "fully administered." However, the 1991 Advisory Committee Note to Bankruptcy Rule 3022 contains a list of non-exclusive factors or events that courts have weighed in determining whether to close a chapter 11 case: "(1) whether the order confirming the plan has become final, (2) whether deposits

---

[5] *See Certification Of Counsel Regarding Order Pursuant To Sections 105(A), 305(A), 349, And 1112(B) Of The Bankruptcy Code And Bankruptcy Rules 1017 And 6007 Authorizing Dismissal Of The Debtors' Cases* (Docket Entry No. 405 in Bankr. Case No. 17-11572).

4

required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved." Fed. R. Bankr. P. 3022, Advisory Committee's Notes to 1991 Amendment (emphasis added). "Courts tend to use the above stated factors in determining whether a case has been 'fully administered.' In the end, however, these factors are but a guide in determining whether a case has been fully administered. . . ." *In re SLI, Inc.*, No. 02-12608(WS), 2005 WL 1668396, at *2 (Bankr. D. Del. June 24, 2005).

12. Due to the fact that there is a significant likelihood that the Court's Settlement Order and Dismissal Order will be reversed or remanded, it is necessary to keep these cases open. With the finality of the Settlement Order and Dismissal Order still in play, "one simply cannot conclude, even in the face of the satisfaction of all of the other noted factors, that a case can be considered as having been "fully administered." *In Re Sli, Inc*, Case No. 02-12608 (WS), Jointly Administered, Re: Docket No. 1113. (Bankr. D. Del. Jun. 24, 2005).

13. Further, Bankr. Case No. 17-11572 involved assets and entities not subject to the previous case: Bankr. Case No. 16-10386. For example, **all *twelve* disclosure statements** filed in Bankruptcy Case No. 16-10386 expressly state that "[t]he ... Prospector assets ... **are owned by <u>non-Debtor subsidiaries</u> and are not subject to these [Bankruptcy Case No. 16-10386] proceedings.**"[6] Despite this Court's assertions to the contrary, the incredible amount of evidence from Bankr. Case No. 16-10386 tells a different story.

---

[6] *See* ¶II.(B)(1) "The North Sea" (Docket Entry Nos. 12, 190, 216, 242, 319, 1093, 1233, 1296, 1388, 1434, 1446, 1460 in Bankruptcy Case No. 16-10386) (emphasis added).

14. As a result, because the estate has not been fully administered and because different causes of action arise out of the proceedings in Bankr. Case No. 17-11572, this Court's Dismissal Authorization must be vacated. *See In re SLI, Inc.*, 2005 WL 1668396, at *3; s*ee Swiss Chalet*, 485 B.R. at 52 ("Likewise, '[c]losing the case when it would likely have to be reopened in the near future appears to be a fruitless exercise.'") (quoting *In re Union Home & Indus., Inc.*, 375 B.R. 912, 919 (B.A.P. 10th Cir. 2007)). Just as in *SLI*, closing the Chapter 11 Cases while the Settlement Order and Dismissal Order remains subject to multiple pending appeals is premature.

## VI. CONCLUSION

WHEREFORE, Mr. Hammersley requests the Court enter an Order: vacating the Dismissal Authorization or entry of an order pursuant to Rule 59 and Bankruptcy Rule 9023 that provides for the automatic reopening of the Prospector Cases in the event the District Court or the Court of Appeals orders a remand to this Court for any reason in connection with the Prospector Appeals.

DATED: March 28, 2018

/s/ Michael R. Hammersley
P.O. Box 5161
Greensboro, North Carolina 27435
Telephone: (336) 209-3559
Facsimile: (336) 283-7654
michael@brightleafadv.com

*Pro se Appellant*